UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMAEL VALDEZ, FN2300108,<br>Petitioner,<br>v.<br>JUSTIN MATTKE, Sergeant,<br>Respondent. | Case No. 23-cv-03967-CRB  (PR)<br>**ORDER DISMISSING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**<br>(ECF No. 3) |

**I.**

Petitioner, a pretrial detainee at the Monterey County Jail on charges of criminal threats and vandalism having "nothing to do with this petition," filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 alleging that in 2018 he was stopped and harassed by Greenfield Police Department Sergeant Justin Mattke on various occasions, including for exercising "on the wrong side of town." ECF No. 1 (Pet.) at 2, 3. Petitioner seeks to have Mattke "placed on administrative leave," id. at 4, and an injunction preventing Mattke from "harasing me upon my release nor him harasing my family," ECF No. 6 (Letter) at 3 (sic in original). Petitioner also seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915.

Based solely on petitioner's affidavit of poverty, his application for leave to proceed IFP (ECF No. 3) is GRANTED.

**II.**

Federal law opens two main avenues to relief on claims related to imprisonment: a petition for a writ of habeas corpus under 28 U.S.C. § 2254, and a complaint for violation of federal civil rights under 42 U.S.C. § 1983. Hill v. McDonough, 547 U.S. 573, 579 (2006). Habeas is the "exclusive remedy" for the prisoner who seeks "immediate or speedier release from confinement." Skinner v. Switzer, 562 U.S. 521, 525 (2011) (citation and internal quotation marks omitted).

Where the prisoner's claim "would not necessarily spell speedier release, however, suit may be brought under § 1983." Id. (citation and internal quotation marks omitted). In fact, a § 1983 action is the exclusive remedy for claims by state prisoners that do not "lie at the 'core of habeas corpus.'" Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting Preiser v. Rodriguez, 411 U.S. 475, 487 (1973)).

Here, petitioner seeks relief from future harassment by Mattke. But success on petitioner's suit – an order placing Mattke on administrative leave and/or an injunction preventing Mattke from harassing plaintiff or his family – would not necessarily lead to petitioner's immediate or earlier release from confinement on the current charges against him that have nothing to do with Mattke. See Skinner, 562 U.S. at 534. Put simply, petitioner's suit for relief from future harassment by Mattke does not fall within the "core of habeas corpus" and consequently "must be brought, if at all, under §1983." Nettles, 830 F.3d at 934 (citations and internal quotation marks omitted).

### III.

For the foregoing reasons, the petition for a writ of habeas corpus under 28 U.S.C. § 2254 seeking relief from future harassment by Mattke is DISMISSED without prejudice to bringing in a civil rights complaint under 42 U.S.C. § 1983.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, a certificate of appealability (COA) under 28 U.S.C. § 2253(c) is DENIED because it cannot be said that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (emphasis added).

The clerk is instructed to close the file and terminate all pending motions as moot.

**IT IS SO ORDERED**.

Dated: October 31, 2023

_____
CHARLES R. BREYER
United States District Judge